IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
JAN 2 2 2013
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

MARIO WILLIAMS, et al., )
 )
Plaintiff, )
 )
v. ) No. CIV 12-423-RAW-SPS
 )
JUSTIN JONES, et al., )
 )
Defendants. )

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, has filed this purported class action civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking class certification, as well as monetary, injunctive, and declaratory relief. The proposed class consists of DCF maximum security Muslim prisoners and DOC Muslim prisoners who allegedly are being denied religious diets and services.

Courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although plaintiff, a pro se litigant, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g., United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978).

After a review of the complaint, the court finds plaintiff cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Therefore, plaintiff is granted leave to file a proper amended complaint on behalf of himself only. The Court Clerk is

directed to send plaintiff the court's form for filing a proper amended complaint.

Plaintiff also requests the appointment of counsel in this action. Because he will not be permitted to proceed with a class action, the court will consider the request for appointment of counsel for plaintiff individually. Plaintiff bears the burden of convincing the court that his claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The court has carefully reviewed the merits of plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**ACCORDINGLY,** plaintiff's motion for certification of the class [Docket No. 5] and his motion for appointment of counsel [Docket No. 3] are DENIED, and he is directed to file a proper amended complaint for his personal claims on the court's form within fourteen (14) days. Failure to file a proper amended complaint as directed will result in dismissal of this action. All other pending motions are DENIED with leave to re-urge the motions after the amended complaint is filed.

**IT IS SO ORDERED** this 22nd day of January 2013.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**